977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Alan CHANDLER, Defendant-Appellant.
 No. 91-50605.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1992.
Decided Oct. 7, 1992.
 
 Before GOODWIN, SCHROEDER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case is before us once again following our remand for resentencing. The district court was directed on remand to provide sufficient reasons for sentencing Chandler to 120 months, a significant upward departure from the 87-month presentence report recommendation.
 
 
 3
 At resentencing, the district court accepted the government's argument that the recommended sentence did not "adequately reflect the seriousness of [Chandler's] past criminal conduct" and that U.S.S.G. § 4A1.3 therefore authorized an upward departure. The district court agreed with the government that Chandler's criminal history--including eighteen admitted bank robberies at the time of sentencing--was a sufficient basis to jump the appropriate criminal history category from IV to VI. The district court reasoned that the eighteen confessed and partially unindicted bank robberies could well result in three convictions, each carrying an increase of three points.
 
 
 4
 In this appeal, Chandler asks us to consider that in the intervening period since the original sentencing, he has pleaded guilty to three of the other bank robberies in return for the government's agreement to drop the remaining charges. The appellant argues that those three sentences are "related" within the meaning of U.S.S.G. § 4A1.2, and thereby justify a departure of only 3 points.
 
 
 5
 Guideline Section 4A1.3 lists the type of information that may be considered by the district judge in departing upward because of prior criminal activity. Appellant asks us to hold that the district court should have looked only to the sentences actually imposed. However, section 4A1.3(e) clearly authorizes the district court to consider "prior similar adult criminal conduct not resulting in a criminal conviction." The district court was acting well within the bounds of its discretion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3